# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **WALTER L. JACKSON, JR.,** <br><br> **Plaintiff,** <br><br> v. <br><br> **RAY MABUS, Secretary of the Navy,** <br><br> **Defendant.** | Civil Action No. 10-1861 (BJR) <br><br> MEMORANDUM ORDER |

This matter is before the Court upon consideration of the parties' cross-motions for summary judgment. Plaintiff, Walter L. Jackson, Jr., a former enlisted member of the United States Navy, brings this action against the Secretary of the Navy. Jackson alleges, *inter alia*, that the Board for Correction of Naval Records ("BCNR" or "the Board"), acting on behalf of the Secretary, acted arbitrarily and capriciously in violation of the Administrative Procedure Act ("APA"), 5 U.S.C. § 701, *et seq.*, when it declined to alter Jackson's military record. Jackson challenges both the Board's rejection of his initial claim, and its rejection of his request for reconsideration. Because the Court finds that the Board's decision to reject his request for reconsideration violated the APA, the Court will defer ruling on the motions for summary judgment and remand to the Board to address more completely Jackson's request for reconsideration.

## I. BACKGROUND

Jackson enlisted in the Navy in 1989. Am. Compl. at ¶ 3, Dkt. No. 20. By 2005, Jackson had risen to the rank of first class petty officer (referred to as "E-6"), and was stationed at U.S. Naval Computer and Telecommunications Station ("NCTS") Bahrain in support of naval operations in the region. *Id.* at ¶¶ 18, 47. While Jackson had had a successful 16-year military career, in 2005 Jackson began experiencing disciplinary problems. Administrative Record ("AR") 58, 126, 187, Dkt. No. 16. Jackson's troubles started when he was found guilty of absence without leave on November 27, 2005. AR 58. He was later found guilty of insubordination and received a permanent reduction in rank to E-5 on May 24, 2006. Am. Compl. at ¶ 47; AR 126. Following these incidents, Jackson's commanding officers recommended that Navy not re-enlist him and Jackson was ultimately discharged on July 18, 2006. Am. Compl. at ¶ 55.

On January 2, 2007, Jackson applied to the BCNR for correction of his military records, alleging that his commanding officers had improperly punished him for absence without leave and insubordination. AR 203-10. He requested, *inter alia*, that his former rank of E-6 be reinstated and that certain disciplinary actions be removed from his record. AR 210. A three-member civilian panel of the BCNR reviewed Jackson's application and denied it on May 7, 2007 finding no error in the actions of his commanding officers and agreeing with their recommendations that the Navy not re-enlist him. AR 602-04.

On September 11, 2007, Jackson filed a request for reconsideration with the Board. AR 262-77. The Board also received a large box full of binders containing supporting documentation. *See* AR 37. Apparently because of an oversight, the Board did not consider the

materials in the box and the request for reconsideration together and rejected Jackson's request for reconsideration for lack of new or material evidence. *See* AR 37.

In 2010, Jackson commenced the present action against the Secretary of the Navy seeking to reverse the decision of the Board. Am. Compl. at ¶ 59. Jackson alleges, *inter alia*, that the Board violated the APA by failing to provide sufficient reasoning or rely on substantial evidence when denying Jackson's initial application and his request for reconsideration.

In January 2011, Judge Henry Kennedy, the judge presiding over this case at the time,[1] with the consent of the parties, remanded the action to the BCNR to determine whether Jackson's binders contained any "new or material evidence." Order, Dkt. No. 5. Jackson's binders contained two new documents. Am. Compl. at ¶ 65. The first consisted of a report from an investigator hired by Jackson. AR 9-11. The second document consisted of the results of Jackson's polygraph examination which confirmed Jackson's view of events surrounding his absence without leave charge. AR 17-18. On September 28, 2011, a three-member panel of the Board again rejected Jackson's request for reconsideration finding a lack of new or material evidence. AR 5. That decision stated:

> A three-member panel of the Board for Correction of Naval Records, sitting in executive session, reviewed the request on 28 September 2011, and determined that it was not accompanied by new material evidence or other matter as those terms are defined in title 32, Code of Federal Regulations, section 723.[9]; accordingly the panel denied [Jackson's] request.

AR 5.

## II. LEGAL STANDARD

The Secretary of the Navy, who acts through the BCNR, "may correct any military record

---

[1] This case was reassigned to the undersigned judge on December 19, 2011. Reassignment, Dkt. No. 18.

of [his] department when [he] considers it necessary to correct an error or remove an injustice."

10 U.S.C. § 1552(a)(1). Federal courts review final decisions of the BCNR under the APA.

*Frizelle v. Slater*, 111 F.3d 172, 176 (D.C. Cir. 1997); *see Kreis v. Sec'y of Air Force*, 406 F.3d

684, 686 (D.C. Cir. 2005) (applying the APA to a denial of a request for reconsideration).

Under the APA, a reviewing court shall "defer to the [BCNR's] decision unless it is

arbitrary and capricious, contrary to law, or unsupported by substantial evidence." *Frizelle*, 111

F.3d at 176; *accord* 5 U.S.C. § 706(2)(A), (C). "The requirement that [the BCNR's decision] not

be arbitrary and capricious includes a requirement that the [BCNR] explain its result." *Dickson

v. Sec'y of Defense*, 68 F.3d 1396, 1404 (D.C. Cir. 1995) (citation omitted). The BCNR must

"provide an explanation that will enable the court to evaluate the [BCNR's] rationale at the time

of decision." *Id.* (citation omitted). Thus, the BCNR is required to "examine the relevant data

and articulate a satisfactory explanation for its action including a rational connection between the

facts found and the choice made." *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut.

Auto. Ins. Co.*, 463 U.S. 29, 43 (1983).

### III. ANALYSIS

Jackson argues that the Board's rejection of his request for reconsideration was arbitrary

and capricious because the Board did not adequately explain why it rejected his proffered

evidence. Pl.'s Mot. Summ. J. at 9, Dkt. No. 22. Under Board regulations, new evidence is

"evidence not previously considered by the Board and not reasonably available to the applicant

at the time of the previous application." 32 C.F.R. § 723.9. Material evidence is evidence that is

"likely to have a substantial effect on the outcome." *Id.* As previously noted, upon remand, the

Board considered Jackson's new submissions, namely an investigator's report and the results of

Jackson's polygraph test. AR 5. The Board determined that neither of these documents

contained any evidence that would warrant a change in the Board's decision. AR 5. However, Plaintiff contends that the Board merely provided a "boilerplate" response that "not only fails to connect the facts to the decision, it does not even bother to address the facts." Pl.'s Mot. Summ. J. at 9.

The Secretary counters that the Board's decision to reject Jackson's request for reconsideration is amply supported in the record. Def.'s Opp'n at 16, Dkt. No. 25. In the Secretary's view, the investigator's report simply utilizes the same arguments and materials that Jackson already presented to the Board in his initial application for correction. *Id.* at 16-17. Additionally, the Secretary argues that the polygraph results only confirm Jackson's subjective belief that he should not have been punished for absence without leave – an argument Jackson already presented to the Board in his initial application. *Id.* Therefore, in the Secretary's view, neither piece of evidence satisfies § 723.9's new and material evidence standard.

The Secretary's argument misses the point. This Court is not tasked with determining the strength of Jackson's evidence, only with gauging the adequacy of the Board's decision making process. *See Kreis v. Sec'y of Air Force*, 866 F.2d 1508, 1511 (D.C. Cir. 1989) (A district court must "determine only whether the Secretary's decision making process was deficient, not whether his decision was correct"). While the Board's decision need not be "a model of analytic precision to survive a challenge," the Court must be able to determine "the [Board's] path" from the facts found to the decision made. *Dickson*, 68 F.3d at 1404 (citing *Bowman Transp., Inc. v. Arkansas-Best Freight System, Inc.*, 419 U.S. 281, 286 (1974). Here, the Board failed to provide even the barest explanation for its decision. While the Board did cite the regulation governing requests for reconsideration, the Board failed to address any facts found, let alone, provide an adequate explanation connecting those facts to its decision. *See Dickson*, 68 F.3d at 1405

("When an agency merely parrots the language of a statute without providing an account of how it reached its results, it has not adequately explained the basis for its decision"). Accordingly, the Court finds the Board's rejection of Jackson's request for reconsideration arbitrary and capricious.

### IV.  CONCLUSION

For the foregoing reasons, it is hereby

ORDERED that this matter is remanded to the BCNR to address more completely Plaintiff's request for reconsideration submitted in September 2007, and it is further

ORDERED that proceedings in this matter are hereby STAYED pending the BCNR's response, and it is further

ORDERED that the parties shall submit a status report every 60 days starting from today during the stay as well as ten days following the BCNR's response, and it is further

ORDERED that the Court will defer ruling on the remaining issues raised in the parties' cross-motions for summary judgment until the BCNR has issued its response.

SO ORDERED, this 30th day of January, 2013.

*Barbara J. Rothstein*

BARBARA J. ROTHSTEIN
UNITED STATES DISTRICT JUDGE